# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernard Battle, | No. CV-13-02452-TUC-DCB (DTF) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Louis W Winn, Jr., | |
| Respondent. | |

Before the Court is a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody [Doc. 1] ("Petition"). Petitioner Bernard Battle ("Petitioner"), who was formally confined at the United States Penitentiary in Tucson, Arizona ("USP Tucson"), alleges that his classification by the Federal Bureau of Prisons ("BOP") is in violation of federal law. As more fully set forth below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the Petition and dismiss the case for lack of jurisdiction.[1]

## BACKGROUND

Petitioner is imprisoned as a result of three (3) separate sentences. *See* Doc. 10 at Ex. 1 at ¶ 4. Petitioner's projected release date is January 24, 2026. *See Id*. at ¶ 7. In his Petition, Petitioner alleges that the BOP, in applying Program Statement 5100.8, applied

---

[1] Summary dismissal of the Petition would also be appropriate given Petitioner's failure to comply with a previous Order of the Court. Petitioner has failed to keep the Clerk of the Court informed of his current address and was previously cautioned that the failure to do so could result in dismiss of this action. *See* Doc. 5 at p. 2, ll. 9-13 (Order); Doc. 21 (returned mail).

a Sex Offender Public Safety Factor ("PSF") to his classification and that application violates his rights afforded him by the Fifth and Sixth Amendments to the United States Constitution because (1) the allegations in his presentence report ("PSR") were never proven beyond a reasonable doubt and (2) he was not convicted at trial of those allegations. *See* Doc. 1 at pp. 1 & 11-12. Respondent argues, *inter alia*, that this Court lacks jurisdiction over the Petition. *See* Doc. 10. This Court agrees that it lacks jurisdiction to consider the Petition.

## ANALYSIS

A District Court has jurisdiction over a § 2241 petition if a prisoner is challenging the legality of the "manner, location, or conditions of the execution of a sentence," *see Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 20000), and when a successful challenge to those prison conditions would accelerate the prisoner's release. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *see also Preiser v Rodriguez*, 411 U.S. 475, 487 (1973) (immediate or accelerated release from illegal custody is the essence of habeas corpus). Claims which pertain to a prisoner's classifications, especially individual custodial classification scores, are not cognizable in a federal habeas petition. *See Estrada v. Chavez*, 2009 WL 1383328, at *5 (D. Ariz. May 15, 2009) (prisoner's challenge to the P.S. 5100.08 scorecard did not affect the execution of his sentence and, therefore, the court lacked habeas jurisdiction over those claims under § 2241)*; Bride v. McClintock,* 2015 WL 150241, at *3 (D. Ariz. Jan. 12, 2015) (relying upon, *inter alia*, *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011), in determining that the district court lacked jurisdiction to hear § 2241 petition where petitioner was challenging the BOP's application of PS 5100.08 in determining petitioner's security classification); *Franklin v. Gipson*, 2013 WL 1339545 at *2 (C.D. Cal. Feb. 19, 2013) (court lacked jurisdiction to hear habeas petition challenge to classification because the prisoner "would not be released from confinement or even be provided with a lesser term of confinement; rather, at most, he would receive a different or lower classification score"); *Lerma v. Gutierrrez*, 2012 WL 1320145 (C.D. Cal. Mar. 7, 2012) (court lacks habeas jurisdiction even if the

classification designation impacted the prisoner's housing determination).

Briefly, BOP institutions are classified into one of five security levels based upon the level of security and staff supervision the institution is able to provide. *See* Doc. 10 at Ex. 1. at ¶ 8. BOP inmates are assigned to an institution based, *inter alia*, upon the level of security and supervision the inmate needs. *See Id*. at Ex. 1 at ¶ 8. Separate from the BOP's scoring procedure, an inmate may be placed in a facility with a difference security level than is indicated by the security point score if a PSF is present in the inmate's case. *See Id*. at Ex. 1 at ¶ 11. By way of information, the BOP recognizes the following PSFs: Disruptive Group, Greatest Severity Offense, Sex Offender, Threat to Government Officials, Deportable Alien, Sentence Length, Violent Behavior, Serious Escape, Prison Disturbance, Juvenile Violence, and Serious Telephone Abuse. *Id*. In sum, the BOP's decision to include Sex Offender PSF to Petitioner's classification has no influence upon Petitioner's projected release date.

Here, as Petitioner is challenging the BOP's application of Program Statement 5100.08 and its attendant decision to include a Sex Offender PSF classification, habeas jurisdiction is absent. *See Estrada v. Chavez, supra,* 2009 WL 1383328, at *4-5 (petitioner did not challenge the execution of his sentence when he argued that 'the application of Program Statement 5100.08 to classify him as a Medium Security inmate violate[d] the Due Process Clause []' and sought an order directing the BOP to reclassify him to a lower security institution, because '[e]ven if th[e c]ourt concluded that Petitioner's disciplinary infractions were erroneous or that his custody level was inaccurately calculated, at most, that would impact the security level of the institution at which [he] would be eligible to serve his term of imprisonment and to which he could be transferred. The length of his sentence would not change[.]').

The Court concludes that Petitioner is not entitled to relief.

## RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, **deny** the Petition [Doc. 1] for lack of jurisdiction.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rule 72(b), 6(a) and 6(c) of the Federal Rules of Civil Procedure. Thereafter, the parties have 14 days within which to file a response to the objections. Replies shall not be filed without first obtaining leave to do so from the District Court.

If any objections are filed, this action should be designated case number **CV 13-02452-DCB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 3rd day of November, 2016.

D. Thomas Ferraro
United States Magistrate Judge