1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

7
8

9 | Bernard Battle,

No. CV-13-02452-TUC-DCB

10 |            Petitioner,

**ORDER**

11 | v.

12 | Louis W Winn, Jr.,

13 |            Respondent.

14

15      This matter was referred to Magistrate Judge D. Thomas Ferraro, pursuant to

16 Rules of Practice for the United States District Court, District of Arizona (Local Rules),

17 Rule (Civil) 72.1(a).  He issued a Report and Recommendation (R&R) on November 3,

18 2016.  (Doc. 22: R&R).  He recommends dismissing the Petition under 28 U.S.C. § 2241

19 for lack of jurisdiction.

20                              STANDARD OF REVIEW

21      The duties of the district court, when reviewing a Report and Recommendation of

22 a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and

23 28 U.S.C. § 636(b)(1).  The district court may "accept, reject, or modify, in whole or in

24 part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P.

25 72(b), 28 U.S.C. § 636(b)(1).  When the parties object to an R&R, "'[a] judge of the

26 [district] court shall make a de novo determination of those portions of the [R&R] to

27 which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28

28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to

1   review the R&R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005);

2   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

3       The parties were sent copies of the R&R and instructed they had 14 days to file

4   written objections. 28 U.S.C. § 636(b), see also, Federal Rule of Criminal Procedure 72

5   (party objecting to the recommended disposition has fourteen (14) days to file specific,

6   written objections). To date, no objections have been filed.

7                              REPORT AND RECOMMENDATION

8       The Honorable D. Thomas Ferraro, United States Magistrate Judge, considered the

9   Petitioner's allegations that the Bureau of Prisons (BOP) relied on the presentence report

10  (PSR) and applied a sex offender factor to his classification in violation of his Fifth and

11  Sixth Amendments to the United States Constitution because he was not convicted of the

12  sex offense allegations.   The Magistrate Judge correctly notes that a District Court's

13  jurisdiction over a Petition filed under §  2241 is limited to challenges regarding the

14  "manner, location, or conditions of the execution of a sentence, when a successful

15  challenge would reduce would accelerate the prisoner's release.  (R&R (Doc. 22) at 2

16  (citations omitted)).   Claims pertaining to prisoner classifications, such as individual

17  custodial classifications, are not cognizable.  *Id.*

18      Pursuant to 28 U.S.C. § 636(b), this Court makes a de novo determination as to

19  those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1) ("A

20  judge of the court shall make a de novo determination of those portions of the report or

21  specified proposed findings and recommendations to which objection is made.")  To the

22  extent that no objection has been made, arguments to the contrary have been waived.

23  *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's

24  report waives right to do so on appeal); see also, Advisory Committee Notes to Fed. R.

25  Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.

26  1974) (when no timely objection is filed, the court need only satisfy itself that there is no

27  clear error on the face of the record in order to accept the recommendation).

28

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, de novo, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact.  *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §  636(b)(1). For the reasons stated in the R&R, the Court dismisses the Petition.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 22) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition is DISMISSED for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff proceeding here *in forma pauperis* under 28 U.S.C. § 2241, in the event the Plaintiff files an appeal, the Court finds the

/////

/////

/////

/////

/////

/////

1    appeal is not taken in good faith because an appeal would be frivolous as there is no

2    substantial argument to be made contrary to this Court's determination recorded here.  28

3    U.S.C. 1915(a)(3) and FRAP 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971).

4         Dated this 21st day of December, 2016.

5

6

7                              Honorable David C. Bury

8                              United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28